ORDER
GRITT, JUDGE:
An application of the claimant, Joshua M. Gumee, for an award under the West Virginia Crime Victims Compensation Act, was filed April 25, 2005. The report of the Claim Investigator, filed October 14, 2005, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on February 20, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed February 27, 2006. This matter came on for hearing March 29, 2006, claimant appearing pro se and the State of West Virginia by counsel, Benjamin F. Yancey III, Assistant Attorney General.
On October 22, 2004, the 19-year-old claimant was the victim of criminally injurious conduct in Huntington, Cabell County. The claimant was outside a bar when he was struck in the back of the head with an unknown object.
The claimant testified at the hearing of this matter that on the evening in question, he and his friends arrived at the bar, then called Mango’s, at approximately 9:00 or 10:00. They stayed about five hours, until closing. The claimant revealed that he and his friends were all 19 or 20 years of age. It was their practice to drive from Cross Lanes in Kanawha County to Huntington in Cabell County on the weekends.
When asked what he had to drink that night, the claimant revealed that he had consumed beer and mixed drinks throughout the evening. He agreed with the police report, in which he was described as “heavily intoxicated.” The claimant denied that *198 his intoxicated condition had anything to do with his being struck in the head.
According to the claimant, as he and his friends were leaving the bar, someone said something to him. The claimant and his friends kept walking. When they were outside, a fight broke out. The claimant testified that he did not participate in the fight, but was merely a spectator. Suddenly, he was attacked from behind, knocked to the ground, and kicked repeatedly.
The claimant testified that he suffered a laceration in the back of his head on the left side. His top three teeth were missing, so he supposed that his bridge was kicked out in the attack. The claimant estimated his medical expenses to be $2,000.00.
W.Va. Code §14-2A-14(f) states that a judge shall reduce an award or deny a claim “if the reduction or denial is determined to be reasonable because of the contributory misconduct of the claimant... .” There is no question that the claimant herein was guilty of contributory misconduct because he engaged in underage drinking. The question for the Court is whether to reduce the award for his unreimbursed medical expenses, or to deny them outright.
Of particular concern to the Court is the fact that an establishment in Huntington is serving alcohol to underage patrons, apparently without penalty. According to the West Virginia Alcohol Beverage Control Commission, the bar formerly known as “Mango’s” was last called “Club Taboo.” It has since closed, and there is no current license on record.
In the claimant’s favor are the following facts: He had the presence of mind to walk and not drive from the bar to his friend’s residence that evening; he was working at the time of the incident and is still employed; he seems to realize that the consequences of his behavior affect his entire family; he appears to have stopped this type of behavior.
Based on the foregoing, the Court will award the claimant’s unreimbursed allowable expenses as set forth in the Claim Investigator’s economic analysis appended hereto. Should any additional related out-of-pocket losses be submitted at a later date, the Court may consider them at that time.